Good morning, Your Honors. May it please the Court, my name is Howard Spindel, and I'm appearing pro se. I'd like to request at this time that I save a couple minutes of my time for rebuttal. Okay, and the clock counts down, so... Yes. I would like to bring to the Court's attention a 2007 Ninth Circuit decision that I have not previously cited that's titled Orne v. Astru. The issues decided in that case were very similar to the issues that I'm raising, including the incomplete hypotheticals offered at the ALJ hearing, the rejection of the opinions of treating physicians, and the claimant's credibility. Orne v. Astru reaffirmed the precedence on these issues and was decided in favor of Orne. I think it was a particularly well-written opinion, don't you? I'm sorry, Your Honor? I'm teasing. I wrote that case. Okay, then I don't need to tell you anything else. I want to make an important note at this point that neither the issue of the hypotheticals nor the admissibility of the opinions of my treating physicians rests on my credibility in any way. The specific hypotheticals are covered in detail in my brief. The ALJ's hypotheticals included no provision for someone who is sleep-impaired. The ALJ's hypotheticals included none of the effects of apnea or narcolepsy as listed by the government's own National Institute of Health, and, in fact, her hypotheticals conflict with some NIH-listed limitations. When my attorney at the time posed hypotheticals that did include the effects of apnea and or narcolepsy, the opinion of the vocational expert was that I would be unable to hold a job. This is one of the key points of my case here. I want to emphasize it, that when confronted with a hypothetical that included my sleep disorders, the court's own impartial witness opined that I was disabled. The ALJ rejected the additional hypotheticals that were posed by my attorney on the grounds that they were not supported by the evidence in the record. But this is a direct contradiction with another part of the ALJ's decision, because the ALJ found that my claimed disabilities, including sleep disabilities, are considered severe according to Social Security regulations. But she included no allowance for these severe disabilities in her hypotheticals. I'll move on to the dismissal of all evidence provided by my treating physicians, Drs. Dunlap and Okun. The ALJ incorrectly said that Dr. Dunlap's initial letter was in a fill-in-the-blank format. Dr. Dunlap's letter, which you can find in the evidence, is three pages entirely of narrative. The ALJ said that Dr. Dunlap's findings were not supported by the evidence, when in fact every one of Dr. Dunlap's findings, such as diabetes, sleep disorders, adhesive capsulitis, are confirmed by other Kaiser doctors and tests on record. The ALJ said that Dr. Dunlap's opinions and treatment notes are contraindicated by Drs. Okun, Barton, Clark, and Sandoval, but she didn't cite a single instance of such contraindication in support of her conclusion. So I have no idea how to argue against that. There's nothing presented. Contradicting the ALJ on that point, the record contains a letter from Dr. Okun, supposedly one of the contraindicated physicians, stating that he is in agreement with Dr. Dunlap about my case. Both Drs. Dunlap and Okun provided follow-up letters to the magistrate judge, which were discounted because neither provided a list of job duties that I am unable to perform. Given the nature of my disability, that's an impossible list to generate. There's no specific duty that I am incapable of in the very short term. However, I am unable to perform all of my duties over the course of a standard work week or standard work day. According to the case law precedents that are cited in my briefs, a treating physician's statement must be given great weight in disability cases. Here we have not one but two treating physicians testifying on my behalf that my disabilities prevent me from working. Neither the ALJ nor the magistrate judge met the burden in the precedents of providing specific, legitimate, clear, and convincing reasons to dismiss the opinions of Drs. Dunlap and Okun. Additionally, the opinions of Drs. Dunlap and Okun are uncontroverted by any evidence on the record. I'll talk briefly about my credibility. The ALJ doubted my credibility and cited multiple reasons. But I believe the evidence is clear, and I talk about it in my brief, that the ALJ reached her conclusions either by assuming facts not in evidence, facts contradicted by the evidence, or unsupported extrapolations. I'll give you one more example that's not in my brief. The ALJ said that my claim of depression since age 28 was not credible. Dr. Okun's letter on record says he has treated me for 25 years. I was 53 years old at the date of that letter. 53 minus 25 is exactly 28. And Dr. Okun is a psychiatrist and was treating me for depression. If the ALJ doubted this, she had a duty to complete the record by requesting additional medical transcripts instead of guessing that it wasn't accurate. Thank you. I'd like to reserve any of my remaining time. We'll hear from the other side, and we'll make sure that you get a full chance to respond. I'm sorry? We'll hear from the government, but then we'll make sure you get a full chance to respond. Thank you. Thank you. Good morning, Your Honors. Thomas Elsberry for the Commissioner of Social Security Administration. At the outset, I guess I would just like to say the ALJ's decision is supported by substantial evidence. It's free of legal error. And while Mr. Spindale offers different interpretations of the evidence, where his interpretations are rational, so is the ALJ's interpretation, and her rational interpretation should be deferred to in such circumstances. In response to the specific issues raised by Mr. Spindale, he speaks of the limits caused by sleep impairment. These were, in fact, accounted for in the RFC. The ALJ specifically noted that a sustained activity must be a part of the job he performs. This was based on his own testimony that he was only occasionally drowsy when actively engaged, when busy, as opposed to when watching TV. That was his own testimony at, I believe, I don't know if my transcript sites are comparable to the excerpts of records, so I'll cite the transcript. That statement was at transcript page 259. In addition, there was also accommodation for working around hazards to account for any drowsiness that might be occurring. The limitations presented by Mr. Spindale regarding sleep apnea and sleep impairments are limitations that may exist, hypothetical limitations. They are not the limitations that were established by the record in this case. Regarding Dr. Dunlop's findings, the ALJ did not reject Dr. Dunlop's diagnoses or findings of impairment. What she rejected was his disability opinion, and a diagnosis does not equal severity or disability. And further, Dr. Dunlop's statement of Mr. Spindale was disabled was unsupported by any specific work-related limitations or any basis for why he was unable to work. It was a conclusory unsupported statement. The ALJ so found, and the record supports that finding. In addition, Dr. Okun was not before the ALJ, but nonetheless, as the Appeals Council noted and as the District Court noted, Dr. Okun's post-decision letter also did not list any limitations or any evidence inconsistent with the ALJ's RFC finding. The issue of whether great weight goes to a treating physician is not to disability opinion. That's to the physician's medical opinions, not to unsubstantiated assertion of disability. And unless you have any further questions, I can rest at that point. No questions. Thank you very much. Thank you.  Defense counsel stated that the ALJ made rational interpretations and that her interpretation would supersede, and I think that my brief points out that in many cases her interpretations were not rational. Defense counsel said that I was only occasionally drowsy, but in fact my testimony in the case says that I was falling asleep for numerous hours on the floor at work. He said that the limitations of apnea and narcolepsy were hypothetical only and not in the record. This is a problem with this case that the limitations, general limitations to be expected with apnea and narcolepsy were never introduced. But I believe that the court is permitted to take judicial notice of common facts, and the typical side effects of apnea and narcolepsy would certainly fall into that, particularly when I've provided the source that comes from the government who is the defendant. I listed in my brief those symptoms that do apply to me out of the hypothetical ones. Lastly, defense counsel talked about giving great weight to physicians, but that you don't do that for a finding of disability, it's only for medical evidence. The problem in this case is that the ALJ in her opinion states that she gave absolutely no weight to Dr. Dunlap's opinion on any issue. So whether Dr. Dunlap is entitled to a conclusion or not on whether I'm disabled, his opinion that on my medical issues is certainly entitled to take great weight and should not have been dismissed. Thank you. Okay, thank you very much for coming in and making this argument this morning. We have carefully considered it and we will consider it today carefully in conference. Thank you very much. The case of Spindel v. Astor is now submitted for decision. Thank you. The next two cases on the calendar have been consolidated for purposes of argument. Those cases are Oberdorfer v. Bureau of Land Management and Western Radio Services v. United States Forest Service.
judges: Beezer, Fernandez, Fletcher W.